IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| BONNIE LEE WHETSTINE, | * | Chapter 7 |
| Debtor | * | |
| | * | Case No.: 1-05-bk-10057MDF |
| BONNIE LEE WHETSTINE, | * | |
| Movant | * | |
| | * | |
| v. | * | MOTION FOR RECONSIDERATION |
| | * | |
| CENDANT MORTGAGE CORP., | * | |
| Respondent | * | |

## MEMORANDUM

### Procedural History

Before the Court is a "Motion for Reconsideration and/or Clarification of March 21, 2006 Order" (the "Reconsideration Motion") filed by Bonnie Lee Whetstine ("Debtor"). The background for the issue raised in Debtor's Motion spans the within case and a prior case filed in 2003. On June 9, 2003, Debtor filed a petition under chapter 13 of the Bankruptcy Code (the "2003 case"). The 2003 case was dismissed on September 21, 2005, and on December 30, 2005, Debtor filed the instant case. Cendant Mortgage Corp. ("Cendant"), the holder of a mortgage lien against Debtor's residence, filed an "Application for Order Confirming the Termination of the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(A)" ("Application") on March 20, 2006. Taking judicial notice of the existence of the 2003 case, on March 21, 2006, an Order was entered that stated, in relevant part, that "no stay is in effect in this Bankruptcy case" ("March 21 Order" or "Order").

On March 24, 2006, Debtor requested the Court to reconsider the March 21 Order. The Reconsideration Motion was served on the United States trustee, the chapter 13 trustee, and counsel for several other secured creditors. No unsecured creditors were served. Before the

Reconsideration Motion was heard by the Court, Debtor and Cendant filed a Stipulation in which they agreed that the March 21 Order should be vacated. The Stipulation provided that Debtor would continue to make all monthly mortgage payments to Cendant "in accordance with the terms of the Mortgage throughout the life of the bankruptcy." (Stipulation, paragraph 3). The parties further agreed that if Debtor failed to make her monthly mortgage payments on time or within a certain period after notice of default, then upon certification of default, an order would be entered granting relief from the stay. On May 30, 2006, an order was entered approving the stipulation which stated that "the Court's Order of March 21, 2006 shall be vacated as it pertains to [Cendant]" (the "May 30 Order").

In the Reconsideration Motion, Debtor asks the Court to clarify or vacate the language of the March 21 Order stating that "no stay is in effect in this Bankruptcy Case." Debtor requests that the Court "reconsider and/or clarify the Order . . . to provide . . . that the stay as to property of the estate continues until such time as the property is no longer property of the estate. . . ." The Reconsideration Motion was served on Cendant, but Cendant did not respond or appear at the hearing held on April 7, 2006. Counsel for Debtor and counsel for the chapter 13 trustee appeared. At the hearing the Court issued a briefing schedule, and Debtor duly filed a brief. Neither Cendant, the chapter 13 trustee or any other party filed a brief in opposition. The matter is ready for decision.[1]

---

[1]This Court has subject matter jurisdiction over matters arising under title 11 of the United States Code – such as matters involving the automatic stay imposed by 11 U.S.C. §362 – pursuant to 28 U.S.C. §§157 and 1334. Matters involving the automatic stay are generally considered to be part of a Bankruptcy Court's "core jurisdiction" pursuant to 28 U.S.C. §157(b)(2)(G).

## Discussion

The question before the Court is the breadth of the automatic stay imposed by 11 U.S.C. § 362(a) as circumscribed by the March 21 Order, which limited the application of the stay as provided in § 362(c)(3)(A) and (j). The Application cited the procedural mechanism in section 362(j), which provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." In relevant part, section 362(c)(3)(A) provides that if a chapter 13 case is filed by a debtor who had a prior bankruptcy case pending within the preceding one-year period that was dismissed,[2] then the automatic stay invoked by the filing of the second petition "with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case." In her brief, Debtor argues that the broad language of the March 21 Order constitutes an implicit determination that the automatic stay was no longer in effect not only as to the debtor, but also as to property of the estate. Specifically, Debtor is concerned that the provision in the Order that "no stay is in effect in this Bankruptcy Case" would permit creditors other than Cendant (including unsecured creditors) to "attempt to seize property of the estate, obtain judgments, or otherwise attempt to collect on pre-petition debts from property of the estate." (Debtor's Brief at p. 1) As indicated in the Procedural History, no unsecured creditors were served with the Reconsideration Motion and none participated in the instant litigation.[3] As

---

[2]This provision does not apply if the subsequent case is filed under a chapter other than chapter 7, and the prior case was dismissed under 11 U.S.C. § 707(b).

[3]Debtor was the sole substantive participant in the litigation on the motion that is now before the Court. Although it filed the motion initiating this proceeding, Cendant had nothing to gain or to lose by litigating the Reconsideration Motion because its rights and obligations vis-a-vis the automatic stay were settled in the April 6 Stipulation and fixed by the May 30 Order approving the Stipulation.

Debtor's Reconsideration Motion indicates, no creditors have taken action against property of the estate. Thus, what Debtor is seeking is "clarification" regarding the future application of the Order to parties not now before the Court based on facts that have not yet occurred. She is requesting the court to determine the extent to which the automatic stay has terminated by operation of law under § 362(c)(3)(A). But the context in which this issue arose, a motion under § 362(j), has been resolved, leaving nothing for the Court to decide.[4]

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions."[5] *U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 446, 113 S.Ct. 2173, 2178 (1993) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) (internal quotations omitted). *See also Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *United States v. Fruehauf,* 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961) (federal courts may adjudicate only "live controversies"). Federal courts

---

[4]In her brief, Debtor cites several bankruptcy court decisions holding that § 362(c)(3)(A) does not provide for the automatic termination of the stay as to property *of the estate*. *See In re Paschal*, 337 B.R. 274 (Bankr. E.D.N.C. 2006); *In re Baldassaro*, 338 B.R. 178 (Bankr. D. N.H. 2006); *In re Moon*, 339 B.R. 668 (Bankr. N.D. Ohio 2006); and *In re Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006). In each of these cases the dispute between the parties was unresolved when the matter was heard by the court.

[5]Its existence not having been expressly contemplated by Article III of the Constitution, a bankruptcy court is often referred to as an "Article I Court" because it was authorized through an exercise of Congress' power under Article I, Section 8 of the United States Constitution "[t]o establish . . . uniform Laws on the subject of Bankruptcies throughout the United States." Under 28 U.S.C. § 157(a), a bankruptcy judge is not authorized to adjudicate matters arising under the United States Bankruptcy Code unless a district court refers such matters to the bankruptcy court. Therefore, the limits on the bankruptcy court's judicial power are the same as the limits placed on a district court, which is an "Article III Court." Like the district Court who oversees it, a bankruptcy court lacks power to render advisory opinions. *See generally, In re Outboard Marine Corp.,* 304 B.R. 844, 860 (Bankr. N.D. Ill. 2004).

4

are barred from rendering opinions with respect to "abstract, hypothetical, or contingent questions." *Alabama State Fed. of Labor v. McAdory,* 325 U.S. 450, 461, 65 S.Ct. 1384, 1389, 89 L.Ed. 1725 (1945). "Decision of such a hypothetical controversy cannot legally bind the parties, and is not authorized by Article III." *R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n* 708 F.2d 570, 577 (C.A.11,1983) (citing, *Muskrat v. United States*, 219 U.S. 346, 362, 31 S.Ct. 250, 256 (1911)). As discussed above, the issue raised in the Reconsideration Motion is hypothetical. Although this issue may arise in the future,"opinions in the nature of advice concerning legislative action [are] a function never conferred upon [federal courts] by the Constitution. . . ." *Muskrat*, 219 U.S. at 362, 31 S.Ct. at 256. Before reaching a settlement with Cendant, there was a judicable issue before the court, but now the issue is moot. The Court's interpretation of the statute would be an advisory opinion, worthless to the parties and binding on no one.

## Conclusion

Although it would be inappropriate at this juncture to issue an advisory opinion construing § 362(c)(3)(A), Debtor's Reconsideration Motion will be granted. Debtor's observation that the March 21 Order was overly broad is correct to the extent that the Order implied that the automatic stay was no longer in effect as to *any* of Debtor's creditors. Cendant was the only creditor before the Court. Therefore, the language of the March 21 Order should have been tailored to specify that the stay was no longer in effect as to Cendant and its collateral. And although the March 21 Order has been vacated, it was vacated only as to Cendant, thus implying that the stay was lifted for all purposes and as to all creditors. Therefore, an order will be entered amending the May 30 Order to clarify that the March 21 Order is vacated in its entirety. The Court renders no opinion on the effect of Debtor's failure to move to extend the

5

Case 1:05-bk-10057-MDF    Doc 53    Filed 10/03/06    Entered 10/04/06 08:07:29    Desc
Main Document      Page 5 of 6

automatic stay under § 363(c)(3)(B) and the implication of this failure on the termination of the automatic stay as described in § 362(c)(3)(A).

An appropriate Order will be entered.

BY THE COURT,

*Mary D. France*
Bankruptcy Judge

Date: October 3, 2006

*This document is electronically signed and filed on the same date.*